# Johnstown Traction Company v. Amalgamated Association of Street, Electric Railway and Motor Coach Employees, etc.

Before McCann, P. J., McKenrick and Griffith, JJ.

*Philip N. Shettig* and *H. Clifton McWilliams*, for plaintiff.

*Samuel R. DiFrancesco*, for defendants.

GRIFFITH, J., July 24, 1950.—The complaint in this case sets forth that an arbitration agreement was entered into between the Johnstown Traction Company and Local Division No. 1279 of the Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America on June 22, 1948. That, accordingly the board of arbitrators met with the parties, and after hearing and consideration made an award in writing, and that the award for the year 1948-1949, section 13, provides as follows:

"13. Passes for wives of employees. The same privileges that are at present enjoyed by the employees with respect to passes on the company's system, shall be enjoyed by the employees' wives."

The bill avers that section 13 of the award as above quoted is unconstitutional, being contrary to the provisions of article 17, sec. 8, of the Constitution of Pennsylvania, and that it is also unlawful because it would force complainant to violate a penal statute, that is, the Act of June 15, 1874, P. L. 289, sec. 1; 67 PS §680. The prayer of the bill was for a decree declaring invalid and void section 13 of the arbitration award of 1948-1949 between the traction company and defendants, which section provided in effect for the issuing of free passes to wives of employes.

Defendants filed an answer raising preliminary objections, admitting the averments of fact contained in the bill, but denying that section 13 of the arbitration award is contrary to article 17, sec. 8, of the Constitution of Pennsylvania, and that it was unlawful by reason of the enactment of the Act of 1874, supra.

Section 8 of article 17 of the Constitution of Pennsylvania reads as follows:

"No railroad, railway or other transportation company shall grant free passes or passes at a discount to any person except officers or employees of the company and clergymen."

The Act of 1874, P. L. 289, provides that any one violating the constitutional provision above quoted shall be subject to pay a fine to the Commonwealth not exceeding $100. The act likewise contains a proviso that nothing therein contained shall be held to prevent the use of passes granted for a valuable consideration between corporations and individuals or between one corporation and another.

Counsel for defendants contends that section 13 of the arbitration award is not invalid for the reason that the award for the issuance of passes to wives of employes was a part of the contract made between the individuals and the corporation and was based upon a valuable consideration, that is, that it was one of the

inducements to accept a lesser increase in wages as a result of the issuance of passes to employes' wives. Counsel, therefore, believes that the provisions of the Act of 1874 have not been violated by paragraph 13 of the arbitration award and that the award is not invalid as being a violation of the act of assembly. However this may be, we are satisfied that section 13 of the award does violate article 17, sec. 8, of the Constitution of Pennsylvania.

"The general right to contract is subject to the limitation that the agreement must not be in violation of the Federal or State Constitutions, Federal or State Statutes, some ordinance of a city or town, or some rule of the common law. At no time in the history of the common law have agreements in violation of law been regarded as valid": 12 Am. Jur. 642, Contracts, sec. 149.

"It is a general rule that an agreement which violates a provision of a constitution or of a constitutional statute or which cannot be performed without violation of such a provision is illegal and void": 12 Am. Jur. 652, Contracts, sec. 158.

"In order that there may be an implied prohibition, the imposition of a penalty is not essential. In other words, it is not necessary that a statute should impose a penalty for doing or omitting to do something in order to make void a contract which is opposed to its operation": 12 Am. Jur. 656, Contracts, sec. 161.

Even though section 13 of the award might possibly not be violative of the Act of 1874, supra, it is clearly in violation of article 17, sec. 8, of the Constitution of Pennsylvania and, therefore, must be so declared.

In the case of Pittsburg and Lake Erie Railroad Company v. Peterson, 23 Dist. R. 809, affirmed by the Superior Court in 58 Pa. Superior Ct. 44, the court said: "The Constitution forbade 'free passes or passes at a discount', and I am unable to see how the Act of

1874 can validate 'passes granted for a valuable consideration under contracts made between corporations and individuals', if such passes are at a discount. The suggestion made by Mr. Buckalew that the statute was in contempt of the constitution is apt."

We, therefore, enter the following

### Decree

And now, July 24, 1950, after argument and upon due consideration, it is hereby ordered and decreed that section 13 of the arbitration award for the year 1948-1949 between plaintiff and defendants, which reads as follows, "The same privileges that are at present enjoyed by the employees with respect to passes on the company's system shall be enjoyed by the employees' wives," is hereby declared to be invalid and void, being in violation of article 17, sec. 8, of the Constitution of Pennsylvania.